Judge Coughenour

FILED _____ ENTERED
_____ LODGED _____ RECEIVED

OCT 20 2014

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

# UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR14-155JCC |
| Plaintiff | **PLEA AGREEMENT** |
| v. | |
| NATHAN BRASFIELD, | |
| Defendant. | |

The United States of America, by and through Annette L. Hayes, Acting United States Attorney for the Western District of Washington, and Thomas M. Woods, Assistant United States Attorney for said District, Defendant, NATHAN BRASFIELD, and his attorney, Russell Leonard, enter into the following Agreement, pursuant to Federal Rule of Criminal Procedure 11(c):

1. **The Charge.** Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enter a plea of guilty to Count 1 of the Indictment, Felon in Possession of a Firearm, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

By entering this plea of guilty, Defendant hereby waives all objections to the form of the charging document and also waives any objection to venue. Defendant further

Plea Agreement (United States v Brasfield, CR14-155JCC) - 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

understands that before entering his plea of guilty, he will be placed under oath.  Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

2.  **Elements of the Offense.**  The elements of the offense of Felon in Possession of a Firearm, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2), are as follows:

First, the defendant knowingly possessed a firearm.

Second, the firearm was not manufactured in the State of Washington and therefore had traveled in interstate or foreign commerce.

Third, the defendant previously had been convicted of a crime punishable by a term of imprisonment exceeding one year.

3.  **The Penalties.**  Defendant understands that the statutory penalties for Felon in Possession of a Firearm, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2), as charged in Count 1, are as follows: imprisonment for up to ten (10) years, a fine of up to two hundred and fifty thousand dollars ($250,000), a period of supervision following release from prison of up to three (3) years, and a special assessment of one hundred and no/100 dollars ($100.00).

Defendant understands that supervised release is a period of time following imprisonment during which he will be subject to certain restrictions and requirements. Defendant further understands that if supervised release is imposed and he violates one or more of its conditions, Defendant could be returned to prison for all or part of the term of supervised release that was originally imposed.  This could result in Defendant's serving a total term of imprisonment greater than the statutory maximum stated above.

Defendant understands that in addition to any term of imprisonment and/or fine that is imposed, the Court may order him to pay restitution to any victim of the offense, as required by law.

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs, or restitution, is due and payable immediately and further

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    agrees to submit a completed Financial Statement of Debtor form as requested by the

2    United States Attorney's Office.

3          4.     **Rights Waived by Pleading Guilty.** Defendant understands that by

4    pleading guilty, he knowingly and voluntarily waives the following rights:

5          a.     The right to plead not guilty and to persist in a plea of not guilty;

6          b.     The right to a speedy and public trial before a jury of his peers;

7          c.     The right to the effective assistance of counsel at trial, including, if

8    Defendant could not afford an attorney, the right to have the Court appoint one for him;

9          d.     The right to be presumed innocent until guilt has been established beyond a

10    reasonable doubt at trial;

11          e.     The right to confront and cross-examine witnesses against Defendant at

12    trial;

13          f.     The right to compel or subpoena witnesses to appear on his behalf at trial;

14          g.     The right to testify or to remain silent at trial, at which trial such silence

15    could not be used against Defendant; and

16          h.     The right to appeal a finding of guilt or any pretrial rulings.

17          5.     **United States Sentencing Guidelines.** Defendant understands and

18    acknowledges that, at sentencing, the Court must consider the sentencing range

19    calculated under the United States Sentencing Guidelines, together with the other factors

20    set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and

21    circumstances of the offense; (2) the history and characteristics of the defendant; (3) the

22    need for the sentence to reflect the seriousness of the offense, to promote respect for the

23    law, and to provide just punishment for the offense; (4) the need for the sentence to

24    afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect

25    the public from further crimes of the defendant; (6) the need to provide the defendant

26    with educational and vocational training, medical care, or other correctional treatment in

27    the most effective manner; (7) the kinds of sentences available; (8) the need to provide

28    restitution to victims; and (9) the need to avoid unwarranted sentence disparity among

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

defendants involved in similar conduct who have similar records.  Accordingly,
Defendant understands and acknowledges that:

    a.    The Court will determine his applicable Sentencing Guidelines range at the time of sentencing;

    b.    After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

    c.    The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

    d.    Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

    6.    **Sentencing Factors.**  The parties agree that the following Sentencing Guidelines provisions apply to this case for Count 1:

    a.    A base offense level of 20, pursuant to USSG § 2K2.1(a)(4);

    b.    A two-point increase because more than three, but less than seven firearms were possessed, pursuant to USSG § 2K2.1(b)(1)(A).

    The parties agree they are free to argue the application of any other provisions of the United States Sentencing Guidelines.  Defendant understands, however, that at the time of sentencing, the Court is free to reject these stipulated adjustments, and is further free to apply additional downward or upward adjustments in determining Defendant's Sentencing Guidelines range.

    7.    **Ultimate Sentence.**  Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

    8.    **Sentencing Recommendation.**  Defendant understands that the government will recommend a sentence of 51 months.  Defendant understands that the

1    government is free to recommend other sentencing conditions, including conditions of

2    supervised release.  Defendant is free to recommend any sentence.  Defendant

3    understands that the Court is not bound by the parties' recommendations.

4         9.    **Statement of Facts.**  The parties agree on the following facts.  Defendant

5    admits he is guilty of the charged offense.

6              a.    On April 22, 2014, NATHAN BRASFIELD possessed the following

7    firearms in his Lake Forest Park, Washington residence: (1) Vector Arms .223 rifle; (2)

8    Glock 17, 9 millimeter pistol; and  (3) a FN Herstal, 5.7 x 28 handgun. All of the

9    firearms mentioned above were manufactured in the State of Washington and therefore

10   had traveled in interstate commerce at the time that BRASFIELD possessed them.  He

11   also possessed ammunition that day that had traveled in interstate commerce.

12             b.    The Vector Arms rifle that NATHAN BRASFIELD possessed was a

13   short-barreled rifle, *i.e.*, a rifle having a barrel of less than 16 inches in length.

14             c.    NATHAN BRASFIELD had sustained the following felony

15   convictions prior to April 22, 2014:

16                  i.    *Possession of Stolen Property in the First Degree*, in the

17   Superior Court of Washington for King County, cause number 01-C-01700-8SEA, on or

18   about May 31, 2011;

19                  ii.    *Possession of Stolen Property in the Second Degree*, in the

20   Superior Court of Washington for King County, cause number 01-C-01700-8SEA, on or

21   about May 31, 2011;

22                  iii.    *Theft of Telecommunication Services*, in the Superior Court of

23   Washington for King County, cause number 02-C-06564-0 KNT, on or about February

24   11, 2003;

25                  iv.    *Possession of Stolen Property in the Second Degree*, in the

26   Superior Court of Washington for King County, cause number 02-C-06564-0 KNT, on or

27   about February 11, 2003;

28

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1      v.   *Possession of Stolen Property in the First Degree*, in the

2    Superior Court of Washington for King County, cause number 00-1-07131-7 SEA, on or

3    about November 1, 2000;

4      vi.   *Possession of Stolen Property in the Second Degree*, in the

5    Superior Court of Washington for King County, cause number 00-1-07131-7 SEA, on or

6    about November 1, 2000;

7      vii.   *Taking a Motor Vehicle Without Permission*, in the Superior

8    Court of Washington for King County, cause number 00-C-07124-4 SEA, on or about

9    November 1, 2000;

10      viii.   *Taking a Motor Vehicle Without Permission*, in the Superior

11    Court of Washington for King County, cause number 00-1-04885-4 KNT, on or about

12    June 20, 2000; and

13      ix.   *Possession of Stolen Property in the Second Degree*, in the

14    Superior Court of Washington for King County, cause number 99-1-05192-7 SEA, on or

15    about August 5, 1999;

16      10.   **Non-Prosecution of Additional Offenses.** As part of this Plea Agreement,

17    the United States Attorney's Office for the Western District of Washington agrees to

18    dismiss Counts 2-5 and not to prosecute Defendant for any additional offenses known to

19    it as of the time of this Agreement that are based upon evidence in its possession at this

20    time, and that arise out of the conduct giving rise to this investigation. In this regard,

21    Defendant recognizes the United States has agreed not to prosecute all of the criminal

22    charges the evidence establishes were committed by Defendant solely because of the

23    promises made by Defendant in this Agreement. Defendant agrees, however, that for

24    purposes of preparing the Presentence Report, the United States Attorney's Office will

25    provide the United States Probation Office with evidence of all conduct committed by

26    Defendant. Defendant agrees that any charges to be dismissed before or at the time of

27    sentencing were substantially justified in light of the evidence available to the United

28    States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant

Plea Agreement (United States v Brasfield, CR14-155JCC) - 6

1  with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119

2  (1997).

3      11.   **Acceptance of Responsibility.** The United States acknowledges that if

4  Defendant qualifies for an acceptance of responsibility adjustment pursuant to USSG §

5  3E1.1(a), and if the offense level is sixteen (16) or greater, his total offense level should

6  be decreased by three (3) levels pursuant to USSG § 3E1.1(a) and (b), because he has

7  assisted the United States by timely notifying the authorities of Defendant's intention to

8  plead guilty, thereby permitting the United States to avoid preparing for trial and

9  permitting the Court to allocate its resources efficiently.

10     12.   **Forfeiture.** Defendant agrees to forfeit to the United States immediately

11  Defendant's right, title, and interest in all firearms, ammunition, and firearms accessories

12  recovered from his residence and vehicles.  Defendant also agrees to relinquish any

13  claim, right, interest, or title in any stolen property recovered from his residence and

14  vehicles.

15     13.   **Breach, Waiver, and Post-Plea Conduct.** Defendant agrees that if

16  Defendant breaches this Plea Agreement, the United States may withdraw from this Plea

17  Agreement and Defendant may be prosecuted for all offenses for which the United States

18  has evidence.  Defendant agrees not to oppose any steps taken by the United States to

19  nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea

20  Agreement.  Defendant also agrees that if Defendant is in breach of this Plea Agreement,

21  Defendant has waived any objection to the re-institution of any charges in the Indictment

22  that were previously dismissed or any additional charges that had not been prosecuted.

23  Defendant further understands that if, after the date of this Agreement, Defendant should

24  engage in illegal conduct, or conduct that is in violation of his conditions of his release

25  (examples of which include, but are not limited to: obstruction of justice, failure to appear

26  for a court proceeding, criminal conduct while pending sentencing, and false statements

27  to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the

28  United States is free under this Agreement to file additional charges against Defendant or

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   to seek a sentence that takes such conduct into consideration by requesting the Court to

2   apply additional adjustments or enhancements in its Sentencing Guidelines calculations

3   in order to increase the applicable advisory Guidelines range, and/or by seeking an

4   upward departure or variance from the calculated advisory Guidelines range.  Under

5   these circumstances, the United States is free to seek such adjustments, enhancements,

6   departures, and/or variances even if otherwise precluded by the terms of the plea

7   agreement.

8          14.    **Waiver of Appeal.**  As part of this Plea Agreement and on the condition

9   that the Court imposes a custodial sentence that is within or below the Sentencing

10  Guidelines range (or the statutory mandatory minimum, if greater than the Guidelines

11  range) that is determined by the Court at the time of sentencing, Defendant waives to the

12  full extent of the law:

13         a.     any right conferred by Title 18, United States Code, Section 3742 to appeal

14  the sentence, including any restitution order imposed; and

15         b.     any right to bring a collateral attack against the conviction and sentence,

16  including any restitution order imposed, except as it may relate to the effectiveness of

17  legal representation.

18         Furthermore, this waiver does not preclude Defendant from bringing an

19  appropriate motion pursuant to 28 U.S.C. 2241, to address the conditions of her

20  confinement or the decisions of the Bureau of Prisons regarding the execution of her

21  sentence.

22         If Defendant breaches this Plea Agreement at any time by appealing or collaterally

23  attacking (except as to effectiveness of legal representation) the conviction or sentence in

24  any way, the United States may prosecute Defendant for any counts, including those with

25  mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea

26  Agreement.

27         15.    **Voluntariness of Plea.**  Defendant agrees that Defendant has entered into

28  this Plea Agreement freely and voluntarily and that no threats or promises, other than the

Plea Agreement (United States v Brasfield, CR14-155JCC) - 8

1  promises contained in this Plea Agreement, were made to induce Defendant to enter this

2  plea of guilty.

3     16.   **Statute of Limitations.**  In the event this Agreement is not accepted by the

4  Court for any reason, or Defendant has breached any of the terms of this Plea Agreement,

5  the statute of limitations shall be deemed to have been tolled from the date of the Plea

6  Agreement to:  (1) thirty (30) days following the date of non-acceptance of the Plea

7  Agreement by the Court; or (2) thirty (30) days following the date on which a breach of

8  the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

9     17.   **Completeness of Agreement.**  The United States and Defendant

10 acknowledge that these terms constitute the entire Plea Agreement between the parties.

11 This Agreement binds only the United States Attorney's Office for the Western District

12 of Washington.  It does not bind any other United States Attorney's Office or any other

13 office or agency of the United States, or any state or local prosecutor.

14

15 Dated this 20 day of October, 2014.

16

17     NATHAN BRASFIELD

18     Defendant

19

20     RUSSELL LEONARD

21     Attorney for Defendant

22

23     TODD GREENBERG

24     Assistant United States Attorney

25

26     THOMAS M. WOODS

27     Assistant United States Attorney

28

Plea Agreement (United States v Brasfield, CR14-155JCC) - 9