JUDGE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No.  CR 14-0155-JCC |
| Plaintiff, | ) | |
| | ) | DEFENDANT'S SENTENCING |
| v. | ) | MEMORANDUM |
| | ) | |
| NATHAN S. BRASFIELD, | ) | |
| | ) | Hearing: March 31, 2015, 9:00 a.m. |
| Defendant. | ) | |
| | ) | |
| | ) | |

## I.    DEFENSE SENTENCING RECOMMENDATION.

To Nathan Brasfield, the most important thing in the world is his son D.,  now five years old.  Fatherhood changes things for most men; it certainly has for Mr. Brasfield.  All the more painful then, this defendant's recognition that his bad decisions have caused the past year's separation between him and his young son.  Mr. Brasfield assigns blame to no one but himself.  The boy's loss of his father, his loss of emotional security, the blunt loss of financial support – are all Nathan Brasfield's fault.  Their future together, doing better for D., is the foundation of this defendant's motivation to get through this time, make the most of it, succeed on supervision and with the rest of his life.

As the law has caught up with this defendant, so too has this defendant begun to catch up with the law – the need to follow the law, a recognition of the rightful place the law holds in our society, its utility in addressing human problems.  Mr. Brasfield is

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

working through the state superior court right now, with the assistance of an attorney there, to retain his parental rights and preserve a healthy relationship with his son, despite his on-going incarceration.  Custody disputes are notoriously ugly, not always so perhaps, but certainly by reputation.  Criminal practitioners periodically reflect on the collegiality of our practice as compared to other areas of law including family matters like dissolutions and custody battles.  Lawyers, as much as anyone, teach respect for the law in their daily interactions with the people we encounter – the importance of the truth, of following rules, of respecting the process, of accepting responsibility and adhering to the judgments of those charged with making decisions. For Mr. Brasfield, the last eleven months have been a crash course in all of this.  From lawyers on all sides, this defendant is getting an education in respecting the law, and the message appears to be sinking in.  This prosecution underscores – like no other schooling could – that Mr. Brasfield must learn from his mistakes and pay attention to the rules, for his own sake and for that of his family.

By all reports, Mr. Brasfield is a very talented plumber and electrician.  He has run his own small businesses as an electrical contractor and subcontractor, and has received glowing reviews from many satisfied customers, a number of whom have become his friends and have taken the time to write letters to the Court describing their ongoing support for Mr. Brasfield.  In an economy where old school, blue collar trade skills are increasingly in demand, Mr. Brasfield is well-positioned to succeed upon his release.  In the meantime, he hopes to put his plumbing and electrical expertise to work within the Bureau of Prisons.  This will benefit Mr. Brasfield and the BOP.  While Mr. Brasfield is prepared to do any job offered to him, a work-cadre assignment in an institution's maintenance or physical plant department would be an ideal fit for this well-qualified defendant.

DEFENDANT'S SENTENCING
MEMORANDUM
(Nathan S. Brasfield; CR14-0155-JCC) - 2

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

1

2          For whatever period of time the Court orders, the defendant and his family

3   request that he be allowed to complete his term at the FDC SeaTac, or in the alternative,

4   at FCI Sheridan.  There are two reasons for these requests.  First, to allow the defendant

5   to reside closest to his family; his son and parents live in Western Washington.

6   Secondly, a placement at SeaTac will facilitate more ready consultation with his civil

7   attorney on his state custody matter.  Since his arrest, the defendant has participated in

8   numerous court hearings by phone, as arranged by his counsel and accommodated by

9   the FDC.  The case remains unresolved, and appears to be headed towards a contested

10  hearing in the coming months.  Depositions are being taken, including those of each

11  parent; Mr. Brasfield's deposition is scheduled for April 3.  Summary judgment

12  motions will be heard thereafter on April 24.  Placement at FDC SeaTac will best insure

13  his availability to participate in this civil case, and will be most convenient for his

14  counsel there (whose office is in Seattle).  An FDC designation will also facilitate visits

15  with his son, as supervised by Mr. Brasfield's parents.  This is among the relief the

16  defendant is specifically seeking from the superior court.

17          The defense recommends a 36-month split sentence, followed by three years of

18  supervised release on the conditions outlined by U.S. Probation.[1]  A 28-month prison

19  term plus 8 months of home confinement as an alternative mode of punishment, more

20  than doubles the longest period of incarceration Mr. Brasfield has experienced to date

21  (i.e. the 14-month term imposed in 2000, for a string of property crimes Mr. Brasfield

22  committed at age 21).  While less lengthy than the terms offered by the Government (51

23  months) or Probation (48), the defense's approach balances continuing punishment,

24  _____

[1] The defense respectfully requests one exception to Probation's proposed supervision conditions.  This relates to
25  the blanket, no-alcohol restriction currently contained in Special Condition No. 2.  This defendant does not appear
    to have any significant history of problem drinking.  His criminal history contains no alcohol-related offenses, and
    he appears to be no more than an occasional, social drinker, as noted in the PSR.  The defense suggests that the
26  no-alcohol line of Special Condition No. 2 be removed, or perhaps be modified to simply prohibit "excessive" use
    of alcohol, as is consistent with Standard Condition No. 7.

DEFENDANT'S SENTENCING
MEMORANDUM
(Nathan S. Brasfield; CR14-0155-JCC) - 3

1  alternatives to confinement and lengthy supervision in a manner that parsimoniously

2  achieves the statutory imperatives of doing justice in a manner "sufficient, but not

3  greater than necessary."  18 U.S.C. § 3553(a).

4      We offer this alternative approach to sooner reunite Mr. Brasfield with his son

5  and family, and advance his ability to support his child emotionally and financially.

6  Our proposed split-sentence includes serious prison time – more than two years inside

7  (even with good time) – plus extended home confinement and supervision, with an eye

8  toward getting this capable defendant back to work and advancing his progress as an

9  adult and father, all as monitored by the U.S. Probation Department.

10  **II.      INDEX OF DEFENSE SENTENCING EXHIBITS.**

11      **Exhibit A.**  Nathan Brasfield's letter to the Court accepting responsibility for his

12  criminal conduct.  Mr. Brasfield further explains his plan to take advantage of

13  educational and vocational training while in the Bureau of Prisons.

14      **Exhibit B.**  Letters from Mr. Brasfield's parents, Diane and Laurence Brasfield,

15  and from a sampling of his supportive friends, many of whom are former employers.

16  These include Farhad Saifyan (of PC Recycle), Andrew Smith (from Capstone General

17  Contracting, Inc.), John Roark (R-Are, Inc.), David Adair (Engine Service, Inc.), Reza

18  L. Malayeri,, Diana Chesterfield (customer now friend for past five years), and

19  Franziska Edwards.  In a way, each submission reads like letters of reference for a

20  talented young businessman.  These supporters recognize Mr. Brasfield's shortcomings

21  and misconduct yet still see his many positive attributes and his ability to do better.

22  **III.     ADVISORY GUIDELINE CALCULATIONS.**

23      The defense believes the advisory Sentencing Guidelines are as follows:

24          20          Base Offense Level under USSG § 2K2.1(a)(4)(B).

25

26          + 2          For three firearms under § 2K2.1(b)(1)(A).

- 3          For acceptance of responsibility under § 3E1.1.

= 19        Total Offense Level

The defendant agrees that his prior history adds up to Criminal History Category III.  We believe the advisory range should be 37-46 months.

This diverges from Probation's and the Government's calculations in that they each apply the +4 adjustment under § 2K2.1.(b)(6)(B), i.e. that the firearms were possessed "in connection with another felony offense."  Probation outlines the dispute in its Addendum to the PSR, regarding the defense's stated objections.  Application Note 14 to § 2K2.1 provides further guidance on this subject, noting the relevance of whether guns were found in "close proximity" to drug manufacturing, or whether the weapons had "the potential of facilitating" the drug offense.

The defense stands by its position as articulated here, and as outlined in the PSR Addendum:  there is insufficient proximity and nexus between the seized firearms (in boxes on the top shelf of an upstairs closet) and the defendant's marijuana grow room (stationed downstairs).  Unless the Court has specific questions, the defense does not intend to present additional evidence or further legal argument on this point at our sentencing hearing.

## IV.   "THE GUIDELINES ARE NOT ONLY NOT MANDATORY ON SENTENCING COURTS; THEY ARE ALSO NOT TO BE PRESUMED REASONABLE."

The sea-change wrought by *United States v. Booker*, 543 U.S. 220 (2005), cannot be overstated.  *Booker* reversed over twenty years of established federal sentencing practice by declaring the mandatory use of the Guidelines to be unconstitutional.  It remedied this defect by requiring sentencing courts to treat the Guidelines as advisory.  *Booker*, 543 U.S. at 244.

The Supreme Court continues to emphasize and enforce Booker's point:  "The Guidelines are not only not mandatory on sentencing courts; they are also not to be

presumed reasonable." *Nelson v. United States*, 555 U.S. 350, 352 (2009) (emphasis in original).  In *Nelson*, the Supreme Court – by a per curiam decision – summarily reversed the Fourth Circuit for affirming a district judge who called the Guidelines "presumptively reasonable" and who said that "unless there's a good reason in the [3553(a)] factors . . ., a Guideline sentence is the reasonable sentence."  *Id.*

And last year, the Supreme Court further underlined the importance of individualized sentences by reversing the Eighth Circuit's ban on consideration of post-sentencing rehabilitation at resentencings following a remand.  *See Pepper v. United States*, ___ U.S. ___, 131 S.Ct. 1229 (March 2, 2011).  Writing for the Court, Justice Sotomayor sums it up in her first line:

> This Court has long recognized that sentencing judges "exercise a wide discretion" in the types of evidence they may consider when imposing sentence and that "[h]ighly relevant - if not essential - to [the] selection of an appropriate sentence is the possession of the fullest information possible concerning the defendant's life and characteristics." *Williams v. New York*, 337 U.S. 241, 246-247, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949).

*Pepper v. United States,* 131 S.Ct. at 1235.  The Court reminds us that Congress has codified the importance of individual circumstances at sentencing in both 18 U.S.C. § 3661 – i.e., "No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence" – and, of course, in 18 U.S.C. § 3553(a)(1)'s reference to "the history and characteristics of the defendant."  *Id.*

These and other high-court opinions emphatically restate the message of *Booker*: the Guidelines are simply one factor to be considered in tailoring a sentence that is "sufficient, but not greater than necessary."[2]   Sentencing judges are not bound by the

---

[2] In addition to considering the advisory Guidelines and their policy statements, under §§ 3553(a)(4) and (5), sentencing courts must also consider Congress's other objectives in achieving a least restrictive sentence under § 3553(a):

Guidelines or their policy statements, and may vary where the Guidelines are not the product of the Commission's exercise of its traditional institutional role, or if the underlying policy is contrary to an individualized analysis of § 3553(a).  *See also Spears v. United States*, 555 U.S. 261 (2009), *Rita v. United States*, 551 U.S. 338 (2007), *Gall v. United States*, 552 U.S. 38 (2007), and *Kimbrough v. United States*, 552 U.S. 85 (2007).

As the Supreme Court has long recognized, every case reflects "a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue."  *Koon v. United States*, 518 U.S. 81, 113 (1996).  Following *Booker*, there are few limitations on what a sentencing judge can consider as a basis for just punishment.  Factors which the Guidelines deem "not ordinarily relevant" under USSG Chapter 5, Part H – considerations like age (including youth), education and vocational skills, mental and emotional conditions, physical conditions (including drug, alcohol, and gambling addictions), employment record or employment-related contributions, family ties and responsibilities, military/civic/charitable/public service, record of prior good works, and lack of guidance as a youth and disadvantaged

---

| | |
|---|---|
| (1) | the nature and circumstances of the offense and the history and characteristics of the defendant; |
| (2) | the need for the sentence imposed– |
| (A) | to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; |
| (B) | to afford adequate deterrence to criminal conduct; |
| (C) | to protect the public from further crimes of the defendant; and |
| (D) | to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; |
| (3) | the kinds of sentences available; |
| . . . | |
| (6) | the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and |
| (7) | the need to provide restitution to any victims of the offense. |

DEFENDANT'S SENTENCING
MEMORANDUM
(Nathan S. Brasfield; CR14-0155-JCC) - 7

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

upbringing – now merit our renewed attention under 18 U.S.C. § 3553(a), as the District Court arrives at a parsimonious sentence, *i.e.*, one that is "sufficient, but not greater than necessary."

## V.   CONCLUSION.

During our PSI, Mr. Brasfield told Probation:  "(I'm) not going to try to put the blame on anyone else.  I thought I was done with this period of my life where I was getting in trouble all of the time.  I kind of messed up.  I have to do things differently when I get out.  I'm sorry for what I've done."  The best way for Mr. Brasfield prove true remorse and real reform is for him to respect the law in the future.  His son's better future – an important motivator for any father – is riding on this as well, and Mr. Brasfield knows it.  He is a capable and talented young man who has no excuse for his too late start down the right path.  He has everything it takes to get it right from here on out.  Many good people are pulling for him.

A 36-month split sentence will adequately punish this defendant's violations of the law while fostering his efforts to support his son and move forward with his life.

DATED this 23th day of March, 2015.

Respectfully submitted,

*s/ Russell V. Leonard*
Assistant Federal Public Defender
Attorney for Nathan S. Brasfield

DEFENDANT'S SENTENCING
MEMORANDUM
(Nathan S. Brasfield; CR14-0155-JCC) - 8

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

## CERTIFICATE OF SERVICE

I hereby certify that on March 23, 2015, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of filing to all registered parties. I further certify I emailed the document and its attachments to United States Probation Officer Brian Facklam.

*s/ Barbara Hughes*
*Paralegal*

DEFENDANT'S SENTENCING
MEMORANDUM
(Nathan S. Brasfield; CR14-0155-JCC) - 9

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**